```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
UNITED STATES OF AMERICA,
                                            MEMORANDUM & ORDER
                                            20-CR-00537 (JS)
      -against-

TASHAWN BURNS, aka "YettiBoss,"
aka "YB,"

                Defendant.
---------------------------------X
APPEARANCES
For Defendant:       John Frederick Carman, Esq.
                     The Carman Law Office
                     666 Old Country Road
                     Garden City, New York  11530

For United States:   Mark E. Misorek, Esq.
                     United States Attorney's Office
                     610 Federal Plaza
                     Central Islip, New York  11722
```

SEYBERT, District Judge:

Tashawn Burns ("Defendant") is charged with Hobbs Act Conspiracy ("Count One"); Hobbs Act Robbery ("Count Two") and Brandishing a Firearm During a Crime of Violence ("Count Three"). (See Superseding Indictment, ECF No. 41.)  Defendant, presumably pursuant to Federal Rule of Criminal Procedure ("Rule") 12, moves to dismiss Count Three of the Superseding Indictment (hereafter the "Motion"). (See Motion, ECF No. 80.)  For the reasons that follow Defendant's Motion is DENIED.

BACKGROUND

The following statement of facts is drawn from the superseding indictment,[1] and the United States' Opposition to Defendant's Motion (Opp'n, ECF No. 83.)[2]

"On September 9, 2019, in front of a residence located in Valley Stream, New York, [Defendant] and his co-conspirator Daniel Jones, exited a car driven by Ricardo Franco." (Opp'n at 1). Defendant "was armed with a semi-automatic handgun." (Id.) As Defendant was exiting the vehicle, "four victims were in the process of entering their cars and entering a residential home." (Id.) Defendant "approached the victims and brandished his firearm, while Jones took property from some of the victims." (Id.)

PROCEDURAL HISTORY

On November 21, 2020, a grand jury in the Eastern District of New York returned an indictment charging Defendant

---

[1] The Court must assume that the Indictment's allegations are true for purposes of the instant motion to dismiss. See United States v. Raniere, 384 F. Supp. 3d 282, 292 n.1 (E.D.N.Y. 2019) (citing United States v. Wey, No. 15-CR-0611, 2017 WL 237651, at *5 (S.D.N.Y. Jan. 18, 2017)).

[2] Defendant has wholly adopted the appellate briefs of defendant-appellant Dwayne Barret who is presently appealing "crime of violence issues [that] . . . are identical to the circumstances of [Defendant's] case." (Motion at 1.) The pertinent appeal is United States of America v. (Hussain) Barrett, No. 21-1379 (2d Cir. 2023) (hereafter the "Barrett Appeal"). In so doing, Defendant has not provided a "fact" section as part of his Motion from which the Court can draw. (See id.)

2

with Hobbs Act Robbery Conspiracy, in violation of Title 18, United States Code, Sections 1951(a) and 3551 et seq.; Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951(a) and 3551 et seq.; and Brandishing a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq. (See Indictment, ECF No. 1, ¶¶ 1-3.) "On December 14, 2021, the grand jury returned a superseding indictment, which added defendant Franco to all three counts." (Opp'n at 2; see also Superseding Indictment, ¶¶ 1-3.)

On May 30, 2023, Defendant filed the instant Motion seeking to dismiss Count Three of the Superseding Indictment. In lieu of filing a memorandum in support of said Motion, Defendant instead adopts the defendant-appellant's legal briefs filed in the Barrett Appeal. (See Motion at 1; see also Appellate Suppl. Reply Br., ECF No. 80-1, attached to Motion; Appellate Suppl. Br., ECF No. 80-3, attached to Motion.) On July 9, 2023, the United States opposed Defendant's Motion. (See Opp'n, in toto.) Defendant was advised that any reply to the United States' Opposition was due on July 21, 2023. (See June 16, 2023, Elec. Order.) To date, Defendant has not filed a reply (see Case Docket, in toto); the Court deems Defendant's Motion to be fully briefed.

3

DISCUSSION

I. Legal Standard

   A. Motion to Dismiss

Rule 12 "authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds." United States v. Benitez-Dominguez, 440 F. Supp. 3d 202, 205 (E.D.N.Y. 2020) (quoting United States v. Ahmed, 94 F. Supp. 3d 394, 404 (E.D.N.Y. 2015)). The "defendant faces a high standard in seeking to dismiss an indictment, because an indictment need provide the defendant only a plain, concise, and definite written statement of the essential facts constituting the offense charged." United States v. Taveras, 504 F. Supp. 3d 272, 277 (S.D.N.Y. 2020) (quoting United States v. Smith, 985 F. Supp. 2d 547, 561 (S.D.N.Y. 2014)). "A charge in an indictment is insufficient and must be dismissed when it does not describe conduct that is a violation of the criminal statute charged." Benitez-Dominguez, 440 F. Supp. 3d at 205 (citations omitted).

II. Analysis

   A. Completed Hobbs Act Robbery is, Categorically, a Crime of Violence for Purposes of 18 U.S.C. § 924(c)(3)(A)

In pertinent part, Section 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less

4

than 7 years." 18 U.S.C. §§ 924(c)(1)(A); 924(c)(1)(A)(ii). A crime of violence is further defined as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3). Courts refer to Section 924(c)(3) as "the elements clause." United States v. Taylor, 142 S. Ct. 2015, 2019 (2022). "[T]o determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause," courts are required to apply a "categorical approach." Id. at 2021. Such an approach precludes "an inquiry into how any particular defendant may commit the crime," since "[t]he only relevant question is whether the federal felony at issue always requires the government to prove--beyond a reasonable doubt, as an element of its case--the use, attempted use, or threatened use of force." Id.; see also United States v. Hill, 890 F.3d 51, 55-56 (2d Cir. 2018) ("Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute. . . . In doing so, courts look only to the statutory definitions--i.e., the elements--of the . . . offense, and not to the particular underlying facts." (internal citations and alterations omitted)).

In United States v. Taylor, the Supreme Court determined that attempted Hobbs Act Robbery was not a crime of violence for purposes of Section 924(c)(3). See Taylor, 142 S. Ct. at 2020.

5

The Court highlighted that to secure a conviction for attempted Hobbs Act robbery "the Government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." Id. (citing United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007)). The Court reasoned that while the Government was required to prove "an intention to take property by force or threat . . . an intention is just that, no more." Id. Similarly, proof of a substantial step "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." Id. Consequently, the Court held that "[w]hatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause." Id. (emphases in original).

Prior to Taylor, "the Second Circuit ha[d] held that 'Hobbs Act robbery [was] a crime of violence under 18 U.S.C. § 924(c)(A).'" Broadnax v. United States, No. 22-CR-0878, 2022 WL 4133247, at *5 (S.D.N.Y. Sept. 12, 2022) (quoting Hill, 890 F.3d at 52.) Since Taylor, the Second Circuit has subsequently reversed Section 924(c) convictions premised upon "brandishing firearms during and in relation to attempted Hobbs Act robberies." United States v. McCoy, 58 F.4th 72, 73 (2d Cir. 2023) (emphasis added). However, notwithstanding the holding in Taylor, the Second Circuit

6

has subsequently affirmed earlier precedent that held that completed "Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)." Id. at 74. For example, in McCoy, defendants contended that language in Taylor "cast[ed] doubt on whether a completed Hobbs Act robbery [was] itself a crime of violence." Id. In rejecting defendants' contentions, the Second Circuit stated that it "s[aw] nothing in Taylor's language or reasoning that undermine[d] th[e] Court's settled understanding that completed Hobbs Act robberies [we]re categorically crimes of violence pursuant to section 924(c)(3)(A)." Id. (emphasis added). The Second Circuit elaborated that "unlike in Taylor," defendants had not presented any "hypothetical case in which a Hobbs Act robbery could be committed without the use, attempted use, or threatened use of force against another person or his property." Id. The Second Circuit further reasoned that in the underlying Taylor appellate decision, the Fourth Circuit had determined "its holding that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under section 924(c)(3)(A) was consistent with its holding in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), that substantive Hobbs Act robbery [did] categorically qualify as such a crime." Id. (citing United States v. Taylor, 979 F.3d 203, 207-08 (4th Cir. 2020), aff'd 142 S. Ct. 2015).

7

Here, Defendant essentially argues that language in Taylor undermines the Second Circuit's holding in Hill regarding completed Hobbs Act robberies. The defendant-appellant's arguments in the Barrett Appeal, upon which Defendant exclusively relies, recognize that the Second Circuit affirmed Hill when it ruled in McCoy that completed Hobbs Act robberies are "categorically crimes of violence pursuant to section 924(c)(3)(A)." (Suppl. Reply Br. at 2.) Nevertheless, as an initial matter, defendant-appellant Barrett argues that McCoy is not controlling upon the Second Circuit because, inter alia, in deciding that case, the Court of Appeals was presented with different arguments from those currently being advocated. (Id. at 3-4.)

Here, whether McCoy controls the issues in the Barret Appeal is nongermane, unless and until it is overruled, because McCoy certainly controls proceedings in this Court. See Packer on behalf of 1-800 Flowers.com, Inc. v. Raging Cap. Mgmt., LLC, No. 15-CV-5933, 2023 WL 2484442, at *7 (E.D.N.Y. Mar. 13, 2023) ("[D]istrict courts are bound by the decisions of their respective Circuit Courts of Appeal, 'unless there is an intervening Supreme Court or en banc panel circuit decision that casts doubt on the controlling precedent.'" (quoting Hoeffner v. D'Amato, 605 F. Supp. 3d 467, 481 (E.D.N.Y. 2022))). To that end, McCoy is squarely on point in this instance since the Second Circuit has

8

held, post-Taylor, that completed Hobbs Act Robberies are crimes of violence pursuant to section 924(c)(3)(A). See McCoy 58 F.4th at 74; see also Mendez v. United States, No. 21-1536, 2022 WL 17684586, at *2 (2d Cir. Dec. 15, 2022) ("Hobbs Act robbery itself remains a valid predicate crime of violence for convictions under § 924(c)." (citing Hill, 890 F.3d at 53)). Since McCoy's holding is dispositive of the issue in Defendant's Motion, Defendant's arguments to the contrary are foreclosed. See Aponte v. United States, No. 16-CV-3511, 2023 WL 3600848, at *5 (S.D.N.Y. May 23, 2023) (rejecting defendant's argument that completed Hobbs Act robbery "does not qualify as a crime of violence for purposes of § 924(c)" as "not viable" in light of the Second Circuit's clear holding in McCoy); see also United States v. Amador-Rios, No. 18-CR-0398, 2023 WL 2383273, at *4 (E.D.N.Y. March 6, 2023) (citing McCoy for the proposition that Hill "remains good law").

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss Count Three of the Superseding Indictment (ECF No. 80) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 7, 2023
      Central Islip, New York