```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
                                               20-CR-00537 (JS)
      -against-

TASHAWN BURNS, aka "YettiBoss,"
aka "YB,"

                  Defendant.
----------------------------------X
APPEARANCES
For Defendant:      John Frederick Carman, Esq.
                    The Carman Law Office
                    666 Old Country Road
                    Garden City, New York  11530

For United States:  Mark E. Misorek, Esq.
                    United States Attorney's Office
                    610 Federal Plaza
                    Central Islip, New York  11722
```

SEYBERT, District Judge:

Tashawn Burns ("Defendant") is charged with Hobbs Act Conspiracy ("Count One"), Hobbs Act Robbery ("Count Two"), and Brandishing a Firearm During a Crime of Violence ("Count Three"). (See Superseding Indictment, ECF No. 41.)  Defendant moves pursuant to Federal Rule of Criminal Procedure ("Rule") 12(b) to dismiss the Superseding Indictment (hereafter the "Dismissal Motion"). (See Dismissal Motion, ECF No. 90.)  For the reasons that follow Defendant's Dismissal Motion is DENIED.

BACKGROUND

The following statement of facts is drawn from the Superseding Indictment.[1]

On September 9, 2019, Defendant, "together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States Currency representing business proceeds from restaurant owner John Doe from a location in Nassau County, New York." (Superseding Indictment ¶ 2.)  Likewise, Defendant is accused of conspiring to commit the same. (Id. ¶ 1.) Additionally, Defendant, "together with others, did knowingly and intentionally use and carry a firearm" to commit the alleged robbery "and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished." (Id. ¶ 3.)

PROCEDURAL HISTORY

On November 21, 2020, a grand jury in the Eastern District of New York returned an indictment charging Defendant with Hobbs Act Conspiracy, in violation of Title 18, United States

---

[1] The Court must assume the Superseding Indictment's allegations are true for purposes of the Dismissal Motion. See United States v. Raniere, 384 F. Supp. 3d 282, 292 n.1 (E.D.N.Y. 2019) (citing United States v. Wey, No. 15-CR-0611, 2017 WL 237651, at *5 (S.D.N.Y. Jan. 18, 2017)).

Code, Sections 1951(a) and 3551 et seq.; Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951(a) and 3551 et seq.; and Brandishing a Firearm During a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq. (See Indictment ¶¶ 1-3, ECF No. 1.)  On December 14, 2021, the grand jury returned the Superseding Indictment, which added defendant Ricardo Franco to all three counts.  (Superseding Indictment ¶¶ 1-3.)

On May 30, 2023, Defendant moved to dismiss Count Three of the Superseding Indictment (hereafter the "First Motion to Dismiss").  (See First Motion to Dismiss, ECF No. 80.)  Ultimately, Defendant's First Motion to Dismiss was denied.  (See Mem. & Order, ECF No. 84.)  Defendant filed the instant Dismissal Motion on September 5, 2023.  The Government opposes Defendant's Dismissal Motion.  (See Opp'n, ECF No. 93.)  Defendant has informed the Court that he does not intend to file a reply to the Government's Opposition, (see Burns Letter, ECF No. 98); thus, the Court considers the Dismissal Motion fully briefed.

DISCUSSION

I. <u>Legal Standard</u>

A. <u>Motion to Dismiss</u>

"Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds." <u>United States v. Benitez-Dominguez</u>, 440 F. Supp. 3d 202, 205 (E.D.N.Y. 2020) (quoting <u>United States v. Ahmed</u>, 94 F. Supp. 3d 394, 404 (E.D.N.Y. 2015)). The "defendant faces a high standard in seeking to dismiss an indictment, because an indictment need provide the defendant only a plain, concise, and definite written statement of the essential facts constituting the offense charged." <u>United States v. Taveras</u>, 504 F. Supp. 3d 272, 277 (S.D.N.Y. 2020) (quoting <u>United States v. Smith</u>, 985 F. Supp. 2d 547, 561 (S.D.N.Y. 2014)). Consequently, an indictment which (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense" shall withstand a challenge pursuant to Rule 12(b). <u>United States v. Alfonso</u>, 143 F.3d 772, 776 (2d Cir. 1998) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)). "A charge in an indictment is insufficient and must be dismissed when it does not describe conduct that is a violation of the criminal statute charged." <u>Benitez-Dominguez</u>, 440 F. Supp. 3d at 205 (citations omitted).

B. <u>Evaluating the Sufficiency of the Evidence on a Rule 12(b) Motion</u>

"As a general rule, 'a court cannot test the sufficiency of the government's evidence on a Rule 12(b) motion.'" <u>United States v. Liburd</u>, No. 17-CR-0296, 2019 WL 319392, at *3 (E.D.N.Y. Jan. 24, 2019) (quoting <u>United States v. Sampson</u>, 898 F.3d 270, 282 (2d Cir. 2018)); <u>see also</u> <u>United States v. Brown</u>, No. 13-CR-0345, 2014 WL 4473372, at *4 (S.D.N.Y. Sept. 10, 2014) ("It is well established that '[t]here is no such thing as a motion for summary judgment in a criminal case.'" (quoting <u>Russell v. United States</u>, 369 U.S. 749, 791 (1962))). "Rather, sufficiency of the evidence is to be determined through trial of the general issue, <u>e.g.</u>, 'whether the defendant is guilty of the offense charged.'" <u>Liburd</u>, 2019 WL 319392, at *3 (quoting <u>United States v. Doe</u>, 63 F.3d 121, 125 (2d Cir. 1995)).

In the context of a Hobbs Act prosecution, the Second Circuit has "never held that an indictment . . . must specify the precise nature of the effect upon interstate commerce that the government intends to prove at trial." <u>Alfonso</u>, 143 F.3d at 776 (citing <u>United States v. Woodruff</u>, 50 F.3d 673, 676 (9th Cir. 1995)); <u>see also</u> <u>United States v. Harris</u>, 712 F. App'x 108, 109 (2d Cir. 2018). This is because "the requirement of an effect on interstate commerce is itself an element of the offense charged, and the determination of whether the jurisdictional element has

5

been satisfied is part and parcel of the inquiry into the 'general issue' of whether the statute has been violated." Alfonso, 143 F.3d at 777. A "narrow exception to [this] rule", Sampson, 898 F.3d at 282, exists where "the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense." Alfonso, 143 F.3d at 776-77. Otherwise, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." Id. at 777.

II. Analysis

In sum, Defendant argues the Court lacks jurisdiction because "the conduct alleged as a factual basis for the offense does not fall within the ambit of the Hobbs Act." (Dismissal Motion at 2.) Defendant contends "the conduct alleged . . . establishes only that the victim was employed with a business that participated in interstate commerce, and that [the victim] personally generated revenue from that business." (Id. at 6.) Defendant continues, "upon information and belief, the victim was spending [his] funds leisurely (and not for business purposes or on business expenses) just prior to the robbery." (Id. at 4.) Consequently, Defendant argues the funds were for personal use, "and not business assets which would trigger Hobbs Act jurisdiction." (Id.) Defendant avers "it cannot be said that interstate commerce was affected by the taking of U.S. Currency

6

from the victim merely because he was a restaurant owner, where such proceeds were actually his personal income." (Id.)

In its Opposition, the Government argues that Defendant's Dismissal Motion is improperly predicated "on the evidence [Defendant] thinks the government might present[,]" which is essentially a request for a summary judgment ruling, or "relief that the Court cannot provide." (Opp'n at 2.) Specifically, the Government highlights "[t]he issue raised by the defendant—whether or not the robbery affected interstate commerce—is an element of § 1951(a) and thus, a 'general issue' in the trial and a factual question for the trier of fact to resolve." (Id. at 3.) The Government further emphasizes that it "has not made a full proffer of the evidence it will introduce at trial" to meet its burden in establishing this element. (Id.) Nevertheless, the Government asserts it:

> intends to offer evidence at trial demonstrating that the assets of a company engaged in interstate commerce were, or would have been, depleted as a result of the harm or potential harm, respectively, to the individual victim, specifically, some of the stolen cash represented business proceeds intended for use in the business.

(Id. (internal citations omitted).)

Here, the Court agrees with the Government that there has been no such full proffer of the evidence such that it would be appropriate for the Court to address its sufficiency. The only

7

specific factual allegations in the Superseding Indictment related to the interstate nexus elements of Counts One and Two are allegations that the robbery involved the taking "of United States currency representing business proceeds from restaurant owner John Doe from a location in Nassau County, New York." (Superseding Indictment ¶¶ 1-2.)  Without more, the Court cannot engage in "the detailed factual analysis required to assess whether the government will be able to meet its jurisdictional burden." United States v. Remire, 400 F. Supp. 2d 627, 630-31 (S.D.N.Y. 2005); cf. United States v. Benjamin, No. 21-CR-0706, 2022 WL 17417038, at *17 (S.D.N.Y. Dec. 5, 2022) (finding that while the Alfonso indictment "did not plead specific facts about the defendant's conduct," the indictment in Benjamin "recite[d] fourteen pages of factual allegations, drawing a clear picture of the government's theory about the allegedly illegal agreement" such that the court could fairly describe "the [Benjamin indictment] as something much closer to a 'full proffer' than the indictment at issue in Alfonso").  Further, and of note, Defendant does not contend that the Government has made the requisite full proffer of evidence that would allow the Court to evaluate its sufficiency.[2]  See

---

[2] Defendant simply states in conclusory fashion, "the Government cannot, and will not, attempt to prove that the funds were to be used for the business since there is undeniable evidence that the funds were being used for pleasure . . . prior to the alleged robbery."  (Dismissal Motion at 5.)  Nowhere in the Dismissal Motion does Defendant contend that the Government has proffered

Brown, 2014 WL 4473372, at *4 (finding pretrial motion challenging sufficiency of evidence premature where the government denied "having made a full proffer of evidence," and defendant did "not contend otherwise").

Consequently, the Court limits its review to whether the Superseding Indictment is valid on its face, and concludes it is. Indeed, the Superseding Indictment identifies the approximate date and location of the alleged robbery, and largely tracks the language of the statute in alleging the specific events constituting the factual context of its commission. See United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999) (stating the Second Circuit has "consistently upheld indictments that 'do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime'" (citation omitted)).  Specifically, as to Count One, Hobbs Act Conspiracy, the Superseding Indictment alleges Defendant, along with others "did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency representing business proceeds from restaurant owner John Doe."

---

sufficient factual evidence for the Court to engage in an analysis of whether the Government will be able to meet its jurisdictional burden.  (See Dismissal Motion, in toto.)  Likewise, Defendant submitted no reply memorandum challenging the Government's denial of having made a full proffer.  (See Burns Letter.)

(Superseding Indictment ¶ 1.)  As to Count Two, the substantive violation of the Hobbs Act, the Superseding Indictment alleges Defendant, along with others "did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency representing business proceeds from restaurant owner John Doe."  (Superseding Indictment ¶ 2.)  Such allegations are sufficient to survive Defendant's Rule 12(b) challenge.  See Remire, 400 F. Supp. 2d at 630 (finding the court could not "conclude based solely on the indictment and criminal complaint that as a matter of law the government [would] not be able to prove at trial that the robbery obstructed or affected interstate commerce" where the indictment satisfied the minimum pleading requirements set forth by the Second Circuit, and because "the requisite jurisdictional nexus for a Hobbs Act violation is a fact-based inquiry that can only be resolved after the government has put forth all of its evidence related to jurisdiction").

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** Defendant's Dismissal Motion (ECF No. 90) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 20, 2023
       Central Islip, New York

11